## TEXAS & P. RY. CO. v. MARTINEZ.

(Court of Civil Appeals of Texas. Texarkana. Jan. 16, 1914. Rehearing Denied Jan. 22, 1914.)

1. MASTER AND SERVANT (§ 287*)—INJURY TO SERVANT—SUBMISSION OF ISSUES.

In a section hand's action for injuries due to a hand car, which he and others were lifting,

being pushed upon him when his foot sank in a pile of cinders, plaintiff's testimony that when he stepped on the cinders and sank down the others "turned the hand car and pushed it on" him authorized submitting to the jury whether the other men were negligent.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1034, 1045, 1051, 1052, 1054–1067; Dec. Dig. § 287.*]

2. MASTER AND SERVANT (§ 286*)—INJURY TO SERVANT—SUBMISSION OF ISSUES.

In a section hand's action for injuries due to a hand car, which he and others were lifting and turning pursuant to an order of a foreman, falling or being pushed against him when his foot sank in a pile of cinders over which he was crossing, evidence that the hand car weighed about 600 pounds, that there were only five men handling it, and that it was necessary to cross over a loosely packed pile of cinders in moving it, authorized submitting to the jury the question whether the foreman was negligent in giving such order.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1008, 1010–1015, 1017–1033, 1036–1042, 1044, 1046–1050; Dec. Dig. § 286.*]

Appeal from District Court, Harrison County; H. T. Lyttleton, Judge.

Action by Cabino Martinez against the Texas & Pacific Railway Company. From judgment for plaintiff, defendant appeals. Affirmed.

F. H. Prendergast, of Marshall, for appellant. Lane & Lane, of Marshall, for appellee.

WILLSON, C. J. Appellee was in appellant's service as a section hand, and on December 7, 1912, with other section men, was engaged in repairing appellant's track between Marshall and Hallville. On the ground near the track was a hand car, weighing, witnesses testified, about 600 pounds, used by the men in going to and returning from the places where they worked. Appellee testified that eight men were needed to lift and move the car. The foreman testified that ordinarily six men handled it. At one end of the car was a pile of cinders a yard wide and 18 inches high, which had been placed there for use in repairing the track. On the day mentioned, when the time to quit work arrived, the foreman ordered appellee and the men (five in number, according to his testimony, and four according to appellee's testimony) working with him to turn the hand car around and place it on the track. To comply with the foreman's order, it was necessary for appellee, while assisting the other men in lifting and turning the car, to cross over the pile of cinders. When he stepped upon the cinders his foot sank in same, causing him to give down or fall. Thereupon the hand car fell, or, as appellee testified was true, was pushed by the other men upon or against him, causing injury to his person. On the ground that the foreman, under the circumstances, was guilty of negli-

gence in ordering him and the other men to turn the car around and place it on the track, and on the ground that the other men were guilty of negligence in pushing the car on or against him when he fell, appellee sued and recovered judgment against appellant for the sum of $187.50.

[1] It is insisted that there was no testimony on which to base a finding in appellee's favor on either of the grounds of negligence relied upon, and therefore that the court erred in submitting to the jury issues as to whether said foreman or said other men had been guilty of negligence as charged or not. As to the conduct of the men appellee was assisting, he testified that when he stepped on the cinders and sank down they "turned the hand car and pushed it on" him. If it was true, as we must assume the jury found it was, that the men did as appellee testified they did, we cannot say the jury was not warranted in concluding they were guilty of negligence.

[2] As to the conduct of the foreman, we have doubted whether it should be said there was testimony making an issue as to whether he was guilty of negligence or not in giving the order as he did to turn and place the car. We have concluded, however, that reasonable minds might differ about the matter, in view of the weight of the car, that only five men, as the jury had a right to believe from the testimony was true, were present to turn it, and the fact that in lifting and placing it it was necessary for the men to cross over the pile of cinders 18 inches deep and so loosely packed as to permit appellee's foot to sink in same when he stepped upon them. It may be that under those circumstances an ordinarily prudent person charged with the duty the foreman owed to appellee and the other men, before ordering them to move the car, would have seen to it that there were more men present to assist in the work than engaged in it, and that the cinders were so packed as to bear the weight of the men when they stepped on same. Therefore, in deference to the verdict of the jury, we find that the foreman and the men who assisted appellee in moving the car were guilty of negligence as charged against them, and that such negligence was the proximate cause of the injury appellee suffered.

It is insisted the verdict is excessive. But clearly it is not, if the consequences to appellee of the injury inflicted on him were as serious as he testified they were. Evidently the jury, as they had a right to, believed he suffered as he testified he did.

The assignments not in effect disposed of by what has been said are believed to be without merit, and are overruled.

The judgment is affirmed.